NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-882

AUGUST F. TJON

VERSUS

DR. STEVE FITZGERALD

**********
APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 111,194
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Daniel Phillip Fontenot
Fontenot Law Office
P. O. Box 1286
Eunice, LA 70535
(337) 457-1323
Counsel for Defendant-Appellant:
Dr. Steve Fitzgerald

Thomas D. Davenport, Jr.
The Davenport Firm
1628 Metro Drive
Alexandria, LA 71301
(318) 445-9696
Counsel for Plaintiff-Appellee:
August F. Tjon

**PICKETT, Judge.**

The defendant, Dr. Steve Fitzgerald, appeals the judgment of the trial court awarding $15,000.00 in general damages to the plaintiff, August Tjon.

## STATEMENT OF THE CASE

The relevant facts in this case are uncontested by the parties. Mr. Tjon worked as a day laborer for Dr. Fitzgerald. Dr. Fitzgerald directed Mr. Tjon to get into the water and hold a post steady so that Dr. Fitzgerald could drive the post into the bed of the lake. Dr. Fitzgerald chose to use a cinder block to drive the post. The cinder block did not perform the function of a hammer in a satisfactory manner and broke into pieces. One or more of the pieces of cinder block struck Mr. Tjon in the face, causing a cut between his eyes. When the cut healed, a one-inch scar remained between Mr. Tjon's eyes. Mr. Tjon sued Dr. Fitzgerald, seeking medical damages and general damages.

Following a bench trial, the trial court found in favor of Mr. Tjon. The trial court awarded $495.00 in medical costs, $15,000.00 in general damages, and $1,000.00 in expert fees. Dr. Fitzgerald now appeals that judgment.

## ASSIGNMENT OF ERROR

In his only assignment of error, Dr. Fitzgerald argues that the trial court "abused its discretion in awarding $15,000.00 in general damages to the plaintiff, August Tjon, and the award should be reduced to fall within the range of similar awards."

## DISCUSSION

The supreme court recently reiterated the appropriate standard of appellate review of a general damage award in *Guillory v. Lee*, 09-75, p. 14-16 (La. 6/26/09), 16 So.3d 1104, 1117:

> The role of an appellate court in reviewing a general damages award, one which may not be fixed with pecuniary exactitude, is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. This court has long held true to the following principle:

>> [b]efore a Court of Appeal can disturb an award made by a [factfinder,] the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.

> *Wainwright* [*v. Fontenot*], 00-0492, p. 6 [(La. 10/17/00)], 774 So.2d at 74 (quoting *Coco v. Winston Indus., Inc.*, 341 So.2d 332, 334 (La.1977) (internal citations omitted)). See also *Miller v. LAMMICO*, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (stating that an appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion and citing *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993)); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993); *Reck v. Stevens*, 373 So.2d 498, 501 (La.1979). Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* (citing *Arceneaux v. Domingue*, 365 So. 2d 1330, 1333 (La.1978) and *Watson v. State Farm Fire & Casualty Ins. Co.*, 469 So.2d 967 (La.1985)). Moreover, on review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Perkins* [*v. Entergy Corp.*, 00-1372 (La.3/23/01)], 782 So.2d [606], 612 (citing *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221). Reasonable persons frequently disagree about the measure of damages in a particular case. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects

2

of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn*, 623 So.2d at 1261.

The evidence in this case shows that Mr. Tjon suffered a cut to his head which did not require stiches, taping, or gluing, but became infected. The injury caused headaches and pain that lasted for not more than two weeks after the accident. When the cut healed, there was a one-inch scar between Mr. Tjon's eyebrows that Mr. Tjon called "very noticeable" and about which he was embarrassed. Mr. Tjon was treated in the emergency room several days after the injury occurred, and then again by Dr. Gerard Leglue nearly two years after the accident. The only medical expenses Mr. Tjon sought were for the treatment with Dr. Leglue in the amount of $495.00.

We have reviewed the cases cited by the parties as comparable to the case at bar. While $15,000.00 in general damages approaches the upper limit of the award that is acceptable in a case such as this one, we cannot say that it is an abuse of the trial court's great discretion. We therefore decline to reduce the award.

### CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Dr. Steve Fitzgerald.

**AFFIRMED.**


This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.